﻿Citation Nr: 19158977
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-15 950
DATE: July 30, 2019

ORDER

Entitlement to service connection for right ear sensorineural hearing loss is denied.

REMANDED

Entitlement to increased rating in excess of 30 percent for migraine headaches is remanded.

FINDING OF FACT

Right ear hearing loss was noted on the Veteran’s entrance examination and preexisted service; preexisting right ear hearing loss did not increase in severity during active service beyond its natural progression and is not etiologically related to service or to service-connected left ear hearing loss.

CONCLUSION OF LAW

The criteria for service connection for right ear hearing loss have not been met. 38 U.S.C. §§ 1101, 1111, 1153, 1131; 38 C.F.R. §§ 3.303, 3.304, 3.306, 3.310(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1984 to March 1986. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal of a January 2015 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” the so-called “nexus” requirement.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Consideration must be given to all pertinent medical and lay evidence in service connection claims. 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a).

Certain chronic diseases, including sensorineural hearing loss, may be presumed to have been incurred in, or aggravated by, service if the disease becomes manifest to a compensable degree within one year of separation from qualifying military service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

A veteran is considered to have been in sound condition when examined, accepted and enrolled for service, except as to any defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto. 28 U.S.C. § 1111; 38 C.F.R. § 3.304(b). The term “noted” refers to “such conditions as are recorded in examination reports.” 38 C.F.R. § 3.304(b); a “[h]istory of preservice existence of conditions recorded at the time of examination does not constitute a notation of such conditions.” 38 C.F.R. § 3.304(b)(1).

When no preexisting condition is noted upon examination for entry into service, a veteran is presumed to have been sound upon entry, and the burden then shifts to VA to rebut the presumption of soundness. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). 

VA’s General Counsel has held that to rebut the presumption of sound condition under 38 U.S.C. § 1111, the VA must show by clear and unmistakable evidence both (1) that the disease or injury existed prior to service, and (2) that the disease or injury was not aggravated by service. See VAOPGCPREC 3-2003. The claimant is not required to show that the disease or injury increased in severity during service before VA’s duty under the second prong of this rebuttal standard attaches. Wagner v. Principi, supra.

The United States Court of Appeals for Veterans Claims (CAVC) has held that for a hearing loss disability to be noted upon entry into service, the level of hearing impairment upon entrance to service must meet the criteria considered a “disability” under 38 C.F.R. § 3.385. See McKinney v. McDonald, 28 Vet. App. 15 (2016). Impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 159 (1993).

Aggravation of a preexisting injury occurs where there is an increase in disability during active military, naval or air service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306. Clear and unmistakable evidence is required to rebut the presumption of aggravation where the preexisting disability underwent an increase in severity during service. Aggravation may not be conceded, however, where the disability underwent no increase in severity during service. 38 C.F.R. § 3.306 (b). 

In this case, the Board acknowledges that the Veteran currently has right ear hearing loss as noted in a January 2015 VA hearing loss and tinnitus examination. The Board notes the Veteran’s October 1983 enlistment audiometric results indicating that he had right ear hearing loss for VA purposes prior to active service. Results for right ear hearing on the enlistment examination were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 0 20 45

In addition, a December 1985 physical evaluation board proceeding, signed in January 1986, noted that the Veteran had high frequency hearing loss consistent with noise exposure; it was further noted that this and several other disorders were not received in the line of duty, existed prior to service, and were not service aggravated. Following this proceeding, the Veteran was placed on limited duty for the balance of his active service.

The Board finds that the evidence of record, including the entrance examination report and the physical evaluation board proceeding report, unequivocally establish that the Veteran’s right ear hearing loss preexisted active service. As a result, the Veteran is not entitled to a presumption of soundness on entry in service as to such disability. The pre-existence of the disability precludes consideration of whether it was incurred in service. Therefore, the only way for the Veteran to establish service connection for his right ear hearing loss, is to establish that such preexisting disability was aggravated by his service. To establish aggravation, the Veteran must show that the right ear hearing loss increased in severity, beyond natural progression, during/or as a result of his service. 38 C.F.R. § 3.304 (b).

Whether a disability increased in severity is determined by reviewing the evidence regarding the state of the disability before, during, and after active duty service. This is a medical question. In this matter, there is no medical evidence during service showing an increase in severity of the Veteran’s right ear hearing loss; the results are consistent with the entrance examination results. The Veteran was afforded three additional audiological tests during his active service.

In a March 1984 report of medical examination, the Veteran had the following audiometric results for his right ear hearing:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 0 5 15 40

An additional examination in May 1985 revealed the following audiometric results:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 10 5 5 20 45

A final audiological evaluation in May 1985 revealed the following results:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 0 15 50

Notably, the Veteran had an average pure tone threshold of 15 decibels at both entry into and exit from service. There was a five decibel decrease at the 3000 Hertz level and a five decibel increase at the 4000 Hertz level. The Board does not find that this represents an increase in severity, and thus no presumption of aggravation results.

As noted above, the Veteran was afforded a VA hearing and tinnitus examination in January 2015. Audiometric testing revealed the following results in the Veteran’s right ear.

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 25 50 65

The audiologist diagnosed the Veteran with right ear sensorineural hearing loss. However, the audiologist opined that the Veteran’s right ear hearing loss is not at least as likely as not (50 percent probability or greater) caused by or a result of an event in military service. As a rationale, the audiologist noted that the Veteran’s enlistment exam showed preexisting right ear hearing loss in the 4000-6000 Hertz range, and subsequent audiology exams showed no significant threshold shift during military service. There was no evidence that the Veteran’s military noise exposure caused a permanent noise injury affecting hearing sensitivity because there were no significant thresholds shifts noted during service. 

The Board has considered the Veteran’s lay contentions and notes that he is certainly competent to describe the symptoms of the right ear hearing loss, including difficulty hearing. See March 2019 hearing transcript. That having been said, he does not have the training or credentials needed to competently diagnose the nature of his right ear hearing loss or to opine as to its etiology. His lay contentions are thus of markedly lower probative value than the VA examiner’s opinion. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Hearing loss is not the type of condition that is readily amenable to mere lay diagnosis or probative comment regarding its etiology, as the evidence shows that physical examinations that include objective audiometric testing are needed to properly assess and diagnose the disorder. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

After weighing all the evidence, the Board finds the greatest probative value in the January 2015 VA examiner’s opinion. This opinion was based on a complete review of the Veteran’s medical history, as well as a physical examination of the Veteran, and contains an explanation for the rationale of his opinion. Notably, there are no other competent (medical) opinions to the contrary. 

In summary, the Board finds that service connection for the Veteran’s right ear hearing loss is not warranted. As the preponderance of the evidence is against the claim, the appeal is denied.

REASONS FOR REMAND

The Veteran was afforded a VA migraines examination in January 2015. VA treatment records dated December 2013 to June 2018 indicate that the frequency and severity of the Veteran’s migraines may have worsened. Additionally, the Veteran asserted in a March 2019 Board hearing that the frequency of his migraines is greater than indicated by the January 2015 examination report. The Veteran submitted a Personal Information Report at the March 2019 hearing, waiving consideration by the RO, wherein he listed the days when he suffered from migraine headaches between 2015 and 2018. The Veteran should be afforded a new VA examination to ascertain the current severity and manifestations of his service-connected migraines headaches with aura.

The matter is REMANDED for the following action:

Afford the Veteran a VA headaches examination by an appropriate clinician to determine the current severity of his service-connected migraine headaches. The most up-to-date Disability Benefits Questionnaire should be utilized. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. To the extent possible, the examiner should discuss the effect of the Veteran’s migraines on any occupational functioning and activities of daily living. All opinions must be supported by a rationale.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Banks, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.